JOSEPH P. RUSSONIELLO (CSBN 44332)   *E-FILED 06-14-2010*
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD TAYLOR, | No. C 03-00604 HRL |
| Plaintiff, | STIPULATION OF SETTLEMENT; [PROPOSED] ORDER |
| v. | |
| UNITED STATES OF AMERICA, UNITED STATES AIR FORCE, and DOES 1 TO 500, inclusive | |
| Defendants. | |

It is hereby stipulated by and between each of the undersigned parties as follows:

1. The parties to this Stipulation of Settlement ("Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action and this litigation under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is not intended to be, and should not be construed as an admission of liability or fault on the part of the United States of America, the United States Air Force, or their agents, servants, or employees, and it is specifically denied that they are liable to the plaintiff. This settlement is entered into by all parties for the purpose of compromising

1  disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of
2  further litigation.
3	3. In consideration for the parties' agreement to accept the terms and conditions of this
4  Stipulation, defendant United States agrees to pay to plaintiff Richard Taylor the cash sum of
5  $ _150,000.00_____ (hereinafter "Settlement Amount"),
6  subject to the further terms and conditions set forth in this Stipulation:
7	A. Within three business days after counsel for the United States receives (1) this
8  Stipulation signed by all parties to said document; (2) the Social Security numbers or tax
9  identification numbers of plaintiff and his attorneys; (3) a written acknowledgment from each
10 State, private entity, and private individual, including but not limited Kaiser Permanente and/or
11 Healthcare Recoveries, that it will not pursue the United States for payment of their past, present,
12 and future claims or liens for reimbursement or payment any such State, private entity, or private
13 individual may have arising from any benefits or payments made to or on behalf of Richard
14 Taylor by any such State, private entity, or private individual, counsel for the United States will
15 send a formal request requesting that a check in the Settlement Amount be issued made payable
16 to _Richard Taylor + Carey & Carey_____.
17 It is understood that counsel for United States cannot guarantee by when payment of the
18 Settlement Amount will be received. Upon receipt of the settlement check, counsel for the
19 United States will promptly forward the settlement check to plaintiff's counsel. The United
20 States shall have no obligation to forward the settlement check to plaintiff's counsel unless
21 plaintiff's counsel has provided counsel for the United States with a signed stipulation of
22 dismissal, as described in paragraph 6, below.
23	B. With respect to the payment of the Settlement Amount, the plaintiff stipulates
24 and agrees that any attorneys' fees owed in this Federal Tort Claims Act suit against the United
25 States shall not exceed 25% of the Settlement Amount. 28 U.S.C. § 2678. Plaintiff further
26 agrees that any such attorneys' fees, along with any costs and expenses of said action against the
27 United States shall be paid out of the Settlement Amount paid pursuant to this paragraph and not
28 in addition thereto. Plaintiff agrees that any fees for legal services incurred in this action shall be

STIPULATION OF SETTLEMENT; ~~PROPOSED~~ ORDER
No. C 03-00604 HRL                 2

considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the Settlement Amount and not in addition thereto.

       C. Plaintiff stipulates and agrees that he is legally responsible for any and all past, present, and future liens or claims for payment or reimbursement against plaintiff, including any past, present, and future liens or claims for payment or reimbursement by any public entity or body, including any federal, State, or local government, including Medicare and Medicaid, any insurance company, and any private individual or entity, arising from the injuries that are the subject matter of this action. Plaintiff stipulates and agrees that he will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement against that plaintiff asserted by any public entity or body, including any federal, State, or local government, including Medicare and Medicaid, any insurance company, and any private individual or entity. Plaintiff and his attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement against that plaintiff arising from the injuries that are the subject matter of this action and that the only such individual or entity known to plaintiff or his attorneys is Kaiser Permanente/Healthcare Recoveries. Plaintiff and his guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States of America, the United States Air Force, and their agents, servants, and employees, from and against any and all such liens or claims of plaintiff incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action by that plaintiff.

       D. This settlement is subject to the approval of the Court.

    4. Plaintiff and his guardians, heirs, executors, administrators, and assigns do hereby accept the Settlement Amount set forth above in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any claims for wrongful death, any claims for pre-judgment or post-judgment interest, and any claims for fees, costs, and expenses, whether incurred in the district court, the court of appeals, or in any other court proceedings, arising from, and by reason of, any and all known and unknown,

foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the plaintiff or his heirs, executors, administrators, or assigns may have or hereafter acquire against the United States of America, the United States Air Force, or their agents, servants, and employees, on account of the same subject matter that gave rise to the above-captioned action. Plaintiff and his guardians, heirs, executors, administrators, and assigns do hereby further agree to reimburse, indemnify, and hold harmless the United States of America, the United States Air Force, and their agents, servants, and employees, from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statutory) of the plaintiff incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action by the plaintiff.

    5. This compromise settlement is specifically subject to each of the following conditions:

        A. The parties agree that this Stipulation sets forth all of the terms, conditions, and requirements of settlement of this action. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.

        B. ~~Plaintiff must be alive at the time the settlement check is transmitted by defendant's counsel to plaintiff's counsel. In the event of the death of the plaintiff prior to the date of such transmission, the entire Stipulation and the compromise settlement are null and void.~~

        C. The United States District Court for the Northern District of California agrees to dismiss the district court action with prejudice, with each party bearing its own fees, costs, and expenses.

    6. The parties agree that, upon approval by the Court of this Stipulation, counsel for all parties shall sign a stipulation of dismissal with prejudice and proposed order. Counsel for the United States will retain the signed stipulation of dismissal until defendant has paid to plaintiff the Settlement Amount. The parties agree that, upon receipt of the settlement check by plaintiff's counsel, counsel for United States is authorized to file with the Court the stipulation of dismissal. Subject to the terms and conditions set forth in Paragraph 3, above, plaintiff's

STIPULATION OF SETTLEMENT; ~~PROPOSED~~ ORDER
No. C 03-00604 HRL     4

attorneys agree to distribute the Settlement Amount as provided herein after paying or resolving any lien or claim for reimbursement or payment for which plaintiff has agreed to be legally responsible under the terms of this Stipulation, and attorneys fees and expenses.

7. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by him to be true, the Agreement shall be and remain effective notwithstanding such material difference.

9. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

10. It is contemplated that this Stipulation may be executed in several counterparts, with multiple signature pages. All such counterparts and signature pages, together, shall be deemed to be one document.

No. C 03-00604 HRL                    5

11. The signatories to this Stipulation represent that they have actual authority to bind their respective parties.

**IT IS SO STIPULATED.**

Respectfully submitted,

DATED: June 9, 2010
                JOSEPH P. RUSSONIELLO
                United States Attorney

                CLAIRE T. CORMIER
                Assistant United States Attorney

DATED: June 9, 2010
                Plaintiff Richard Taylor

Approved as to form:

DATED: June 7, 2010
                CAREY & CAREY

                JERRY Y. FONG, Attorneys for
                Plaintiff RICHARD TAYLOR

**PROPOSED ORDER**

Upon stipulation of the parties and good cause appearing, IT IS SO ORDERED.

DATED: June 14, 2010                 _____
                                    HOWARD R. LLOYD
                                    United States Magistrate Judge